Dixon Gardner, SBN 213119
dgardner@madisonlawapc.com
**MADISON LAW, APC**
17702 Mitchell North
Irvine, California 92614
Tel (949) 756-9050
Fax (949) 756-9060

Attorneys for Creditor Veros Credit, LLC

# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br>LORENA MEJIA,<br><br>      Debtor.<br>_____<br>VEROS CREDIT, LLC, a Nevada Limited Liability Company,<br><br>      Plaintiff,<br>v.<br>LORENA MEJIA, an individual and the Debtor herein; and Does 1 – 20;<br><br>      Defendants. | Case No.: 17-50985 SLJ 7<br>Chapter 7<br>Adversary Proceeding No. 17-50985-SJ<br>Assigned to Hon. Stephen L. Johnson<br>**PLAINTIFF'S RULE 26(F) REPORT**<br><br>Scheduling Conference<br>Date: September 28, 2017<br>Time: 1:30 p.m.<br>Ctrm: 3099; Hon. Stephen L. Johnson<br>      280 S. First St.<br>      San Jose, CA 95113-3099 |

Plaintiff and creditor Veros Credit, LLC, a Nevada limited liability company ("Veros" or "Plaintiff") attempted to conduct a meeting with Defendant Lorena Mejia, Pro Se, to discuss the items set forth in the Court's Scheduling Order to submit a Joint Rule 26(f) Report. On or about September 4 and 18, 2017, Plaintiff requested Defendant to contact Plaintiff to conduct this meeting. Plaintiff only had the address of the Defendant. Defendant did not contact Plaintiff in any way to have this meeting. As a result, Plaintiff submits its own Plaintiffs' FRCP 26(f) Report. See Declaration of Dixon Gardner filed concurrently with this Report for the evidence of the foregoing.

PLAINTIFF'S FRCP 26(F) REPORT
-1-
Case: 17-05063    Doc# 6    Filed: 09/21/17    Entered: 09/21/17 18:13:59    Page 1 of 8

# I. FACTUAL SUMMARY AND CLAIMS AND DEFENSES

## 1. Plaintiff's Factual Summary

Plaintiff contends that Debtor/Defendant Lorena Mejia ("Debtor" or "Defendant" or "Debtor/Defendant") fraudulently, intentionally, willfully, and maliciously attempted to recover in bad faith more money from Veros than Debtor was entitled to under California and Federal law. Debtor purchased a used 2003 Honda Accord bearing the VIN ending in 047926 ("Vehicle") from San Jose Auto Outlet Plus Trucks, Inc. ("Plus Trucks") by way of Retail Installment Sales Contract ("RISC"). On or about June 26, 2013, Debtor, through counsel, caused a letter to be sent ("Demand Letter") to Plus Trucks, alleging, among other things, violations of the Consumer Legal Remedies Act ("CLRA"), which included a settlement demand for, among other things, return of the cash down payment Debtor paid in connection with her purchase of the Vehicle in the amount of $3,500.00; the trade in value she received in the amount of $1,500.00; finance payments in the amount of $4,739.85 paid to Veros; and other damages, court costs, and attorneys' fees. Plus Trucks sent four checks to Debtor, fully satisfying the entirety of her settlement demand, and paid Veros for the remaining balance due and owing under the RISC. Thereafter, Debtor demanded further compensation from Veros despite the fact that she was fully compensated by Plus Trucks and the Holder Rule caps Veros' liability to that of Plus Trucks, which was zero after Plus Trucks refunded all the money Debtor paid and rescinded the sale with her.

The CLRA makes clear that Debtor could only maintain a lawsuit that she filed in Santa Clara Superior Court in Case Number 113-CV-247552 as plaintiff ("State Lawsuit") against the dealer, Plus Trucks, (and the finance company Veros) only if Plus Trucks failed to offer an appropriate correction within 30 days of receipt of Debtor's CLRA demand. Debtor demanded rescission and restitution, as well as attorneys' fees and injunctive relief. Within 30 days of this demand, Plus Trucks complied and fully compensated Debtor, including her demand for attorneys' fees, and paid off the balance due and owing under the RISC. Thus, Plus Trucks actions ended Debtor's entire action against both Plus Trucks and Veros under California and Federal law because: (1) Plus Truck's settlement tendered all of the relief to which Debtor was entitled, which barred Debtor's claims in the State Lawsuit; (2) Veros' liability is limited under the FTC's Holder Rule ("Holder Rule") after Plus Trucks tendered to Debtor all amounts Veros would be liable for under the Holder Rule assuming liability could be found against

Veros (no liability was found against Veros in the State Lawsuit); (3) although not required under the CLRA, Plus Trucks generously agreed to pay Debtor's attorneys' fees, which was a further savings for Debtor.

As a result, the Court in the State Lawsuit awarded Veros $47,972.75 in reasonable attorney's fees in the State Lawsuit based on Debtor's "subjective bad faith" because Debtor maintained the State Lawsuit after Debtor should have ended the State Lawsuit once Plus Trucks rescinded the sale and refunded all amounts owed to Debtor under the sale contract and CLRA. Veros alleges that the Debtor's actions to continue litigating the State Lawsuit after Plus Trucks rescinded the sale and refunded all amount owed to Debtor under the sale contract and CLRA constitute intentional fraud under 11 U.S.C. § 523(a)(2)(A) and/or a willful and malicious injury under 11 U.S.C. § 523(a)(6) to seek a recovery greater than permitted from Veros under the sale contract, CLRA, and the Holder Rule.

Further, Veros has sought relief from stay in the Debtor's Bankruptcy Case to pursue its causes of action against Debtor and her attorney, Scott R. Kaufman, in Santa Clara County Superior Court in Case Number 16CV304484 for malicious prosecution and abuse of process, seeking damages of at least $59,593.04 exclusive of attorney's fees, costs, and pre- and post-judgment interest for costs incurred by Veros in the State Lawsuit based on the same allegations alleged in the immediately preceding paragraph. Veros seeks punitive damages too against Debtor and her attorney in Case Number 16CV304484. Veros filed its complaint in Case Number 16CV304484 on or about December 29, 2016 against Debtor and Mr. Kaufman.

This Complaint in this instant Adversary Proceeding seeks to have any judgment entered in Case Number 16CV304484 be found to be nondischargeable under 11 U.S.C. §§ 523(a)(2)(A) and (a)(6) in this Adversary Proceeding since any judgment in Case Number 16CV304484 will be based on the same facts to prove Veros' nondischargeabilty actions under 11 U.S.C. §§ 523(a)(2)(A) and (a)(6) in this Adversary Proceeding against Debtor.

## 2. Defendant's Factual Summary

Not provided by Defendant.

## 3. Plaintiff's Claims

Veros alleges that the Debtor's actions to continue litigating the State Lawsuit after Plus Trucks rescinded the sale and refunded all amount owed to Debtor under the sale contract and CLRA constitute intentional fraud under 11 U.S.C. § 523(a)(2)(A) and/or a willful and malicious injury under 11 U.S.C. § 523(a)(6) to seek a recovery greater than permitted from Veros under the sale contract, CLRA, and the Holder Rule.

## 4. Defendant's Claims

Not provided by Defendant.

## 5. PRINCIPAL ISSUES IN THE CASE

Whether Debtor's actions to continue litigating the State Lawsuit after Plus Trucks rescinded the sale and refunded all amount owed to Debtor under the sale contract and CLRA constitute intentional fraud under 11 U.S.C. § 523(a)(2)(A) and/or a willful and malicious injury under 11 U.S.C. § 523(a)(6) to seek a recovery greater than permitted from Veros under the sale contract, CLRA, and the Holder Rule.

## 6. ADDITIONAL PARTIES AND AMENDMENT OF PLEADINGS

Not anticipated by Plaintiff.

## 7. ISSUES TO BE DETERMINED BY MOTION

Plaintiff believes the entire action, or significant portions thereof, may be resolved under Rule 56, Federal Rules of Civil Procedure.

MADISON HARBOR, ALC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 --- Fax (949) 756-9060

## 8. SETTLEMENT DISCUSSIONS/INITIAL DISCLOSURES

No settlement discussions have yet occurred. Plaintiff will consider informal negotiations. If these do not resolve case, Plaintiff will consider private mediation.

## 9. DISCOVERY PLAN

Plaintiff believes that discovery should not be conducted in phases, or be subject to limitations other than those provided by the Federal Rules of Civil Procedure and Local Rules. Plaintiff anticipates the following discovery:

### a. Plaintiff

Written discovery to include interrogatories, request for production of documents, request for admissions, and third party subpoenas if needed. Depositions of defendant under FRCP 30(b)(6) and potentially third party witnesses, if necessary.

### b. Defendant

Not provided by Defendant.

## 10. JURY TRIAL

Trial will be a bench trial. Time estimate is 3-5 days.

## 11. STATUS AND MANAGEMENT DATES PROPOSED

| | |
|---|---|
| Fact discovery cutoff: | April 30, 2018 |
| Expert Initial Disclosures: | February 1, 2018 |
| Expert Rebuttal Disclosures: | March 7, 2018 |
| Expert Witness discovery cutoff: | April 30, 2018 |
| Discovery Motion hearing cutoff: | July 31, 2018 |

MADISON HARBOR, ALC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 — Fax (949) 756-9060

Non-discovery dispositive motion

hearing deadline: August 31, 2018

Final Pretrial Conference: September 28, 2018

Trial: October 16, 2018

## 12. OTHER ISSUES

### a. Insurance

Plaintiff believes there are no insurance agreements under which any person or insurer may be liable to satisfy part or all of any judgment entered in this action.

### b. Manual for Complex Litigation

Plaintiff does not believe the case should be subject to the manual for complex litigation.

### c. Independent Expert or Master

Plaintiff does not believe this case warrants an independent expert or master.

### d. Other Items

None.

DATED: September 21, 2017           MADISON HARBOR, ALC

                                    By: /s/ Dixon L. Gardner
                                    DIXON L. GARDNER
                                    Attorneys for Plaintiff, Veros Credit, LLC

Dixon L. Gardner, Esq. (SBN 213119)
dgardner@madisonharbor.com
**MADISON LAW, APC**
17702 Mitchell North
Irvine, California 92614
Telephone: 949-756-9050
Facsimile: 949-756-9060

Attorneys for Creditor/Plaintiff Veros Credit, LLC

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Bankruptcy Case No.: 17-50985-SLJ-7 |
| LORENA REYES MEJIA, | Chapter: 7 |
| Debtor. | Adversary Proceeding No. 17-05063<br>R.S. No.: DLG-1 |
| VEROS CREDIT, LLC, a Nevada Limited Liability Company, | **CERTIFICATE OF SERVICE** |
| Plaintiff, | |
| vs. | |
| LORENA MEJIA, an individual and the Debtor herein; and Does 1 – 20; | |
| Defendants. | |

    I, the undersigned, declare that I am employed in the County of Orange. I am over the age of 18 years and not a party to the within entitled action. My business address is 17702 Mitchell North, Irvine, CA 92614.

    On September 21, 2017, I served the within: (1) Plaitniff's Rule 26(F) Report in a sealed envelope with postage thereon fully prepaid, in the United States Mail at Irvine, California, to all parties entitled to receive regularly mailed notices, addressed as follows:

Lorena Mejia Reyes
1298 Palm Street, Apt. C
San Jose, CA 95110

I declare, under penalty of perjury, that the foregoing is true and correct. Executed on September 21, 2017 at Irvine, California.

*[signature]*

Caitlynn Q. Luu